[Cite as *In re D.B.*, 2017-Ohio-4174.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: D.B. JUVENILE | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | Case No. 2016CA00189 |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                              Common Pleas, Juvenile Division, Case
                              No. 2016 JTR 00170

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:       June 5, 2017

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOHN D. FERRERO, JR.                       BERNARD L. HUNT
STARK CO. PROSECUTOR                       2395 McGinty Rd. N.W.
RENEE M. WATSON                            N. Canton, OH 44720
110 Central Plaza South, Ste. 510
Canton, OH 44702-0049

*Delaney, P.J.*

{¶1}   Appellant D.B. appeals from the October 6, 2016 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division overruling his objections to the decision of the magistrate.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   The following facts are adduced from appellant's trial before the magistrate and from the crash report and witness statements included in the record.  Sometime around 3:00 p.m. on February 11, 2016, appellant pulled into the parking lot at Roma's Radiator Shop in Perry Township, Stark County, Ohio to talk to a friend.  The crash report is included in the record of the case and describes the vehicle appellant was driving as a black Ford F-250 pickup truck.

{¶3}   Joseph Kirkman was at work in the radiator shop when he looked out the window and saw appellant's black pickup truck back into the fence.  Kirkman ran out to alert appellant and get his information, but the truck pulled out and Kirkman was only able to get a partial plate number.

{¶4}   Michael Roma Sr., the owner of the property, ran out to try to stop the truck and someone in the truck said, "I've got a gun, you better get back in the building."  Roma also obtained a partial license plate number.

{¶5}   Three fence posts were damaged and Roma obtained an estimate to repair the damage for $625.  Roma testified appellant never contacted him about the property damage.

{¶6}   Someone at Roma's called Perry police, reported the hit-skip and provided the vehicle description and partial plate number.  Shortly thereafter Ptl. Locy observed a

vehicle matching the description on Perry Drive and completed a traffic stop. Locy asked appellant if he hit anything and appellant admitted hitting the fence. Locy told appellant to return to Roma's Radiator Shop and followed appellant back to the shop.

{¶7} Another officer, Ptl. Barrett, spoke with appellant at the shop, took statements, and completed a crash report.

{¶8} Appellant's written statement says he pulled into Roma's Radiator shop to check on a friend in a separate vehicle in the parking lot. They talked for a moment and appellant "backed out and left unaware that [he] had backed into Roma's fence."

{¶9} Ptl. Barrett gave Roma a business card which included the crash report number.

{¶10} Appellant was charged by Uniform Traffic Ticket (U.T.T.) with one count of leaving the scene of an accident pursuant to R.C. 4549.021. The case proceeded to trial before a magistrate and appellant moved for acquittal at the close of appellee's evidence and at the close of all of the evidence. The magistrate overruled the motions and adjudicated appellant a juvenile traffic offender. Appellant objected to the magistrate's decision and appellee responded with a memorandum in opposition. On October 6, 2016, the trial court approved and adopted the magistrate's decision.

{¶11} Appellant now appeals from the October 6, 2016 decision of the trial court and raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "THE TRIAL COURT'S DECISION FINDING THAT D.B. WAS A JUVENILE TRAFFIC OFFENDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THUS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

**ANALYSIS**

{¶13} Appellant argues his conviction upon one count of leaving the scene of an accident is against the manifest weight and sufficiency of the evidence because he returned to the scene under police escort.  We disagree.

{¶14} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.  *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph two of the syllabus.  The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶15} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *Thompkins,* 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial

should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶16} A manifest-weight challenge "concerns 'the inclination of the *greater amount of credible evidence * * ** to support one side of the issue rather than the other.'" (Emphasis sic.) *State v. Montgomery,* 148 Ohio St.3d 347, 2016-Ohio-5487*,* 71 N.E.3d 180, ¶ 75, citing *Thompkins,* supra, 78 Ohio St.3d at 387, quoting *Black's Law Dictionary* 1594 (6th Ed.1990). In addressing a manifest-weight argument, we are able to consider the credibility of the witnesses. *State v. McCrary,* 10th Dist. Franklin No. 10AP–881, 2011–Ohio–3161, ¶ 13, citing *State v. Cattledge,* 10th Dist. No. 10AP–105, 2010–Ohio–4953, ¶ 6.

{¶17} Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. Braxton,* 10th Dist. Franklin No. 04AP–725, 2005–Ohio–2198, ¶ 15, citing *State v. Roberts,* 9th Dist. Lorain No. 96CA006462 (Sept. 17, 1997). "[T]hus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *Id.*

{¶18} Appellant was found guilty upon one count of leaving the scene pursuant to R.C. 4549.021, which states in pertinent part:

> (A)(1) In the case of a motor vehicle accident or collision resulting in injury or damage to persons or property on any public or private property other than a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, shall

stop at the scene of the accident or collision. Upon request of any person who is injured or damaged, or any other person, the operator shall give that person the operator's name and address, and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, and, if available, exhibit the operator's driver's or commercial driver's license.

(2) If the operator of the motor vehicle involved in the accident or collision does not provide the information specified in division (A)(1) of this section, the operator shall give that information, within twenty-four hours after the accident or collision, to the police department of the city or village in which the accident or collision occurred, or if it occurred outside the corporate limits of a city or village, to the sheriff of the county in which the accident or collision occurred.

* * * *.

(B)(1) Whoever violates division (A) of this section is guilty of failure to stop after a nonpublic road accident. Except as otherwise provided in division (B)(2) or (3) of this section, failure to stop after a nonpublic road accident is a misdemeanor of the first degree.

* * * *.

{¶19} Appellant argues he cannot be a juvenile traffic offender pursuant to the statute because he returned to the scene within 24 hours of the crash, albeit under police

escort, and provided his identifying information to police for inclusion in the crash report. We disagree with appellant's characterization of his actions and find he did not comply with the statute.

{¶20} In *State v. Hoy*, 10th Dist. Franklin No. 02AP-1197, 2003-Ohio-2482, at ¶ 16, the Tenth District noted:

> Compliance with R.C. 4549.021 may be made in two ways. Following an accident, the person driving the vehicle causing the accident shall: (1) stop; (2) if requested, give his name and address, or the name and address of the vehicle owner, and the registration number of the vehicle; and (3) show a driver's license if available. **In the alternative**, the person driving the vehicle causing the accident may report the same information to the police department in the city or village where the accident occurred, or, if the accident occurred outside the corporate limits, to the sheriff within 24 hours of the accident. (Emphasis added.)

{¶21} In the instant case, appellant failed to comply with either alternative. After the crash, he didn't stop, even when employees of the radiator shop ran out to stop him and get his information. Moreover, he did not report the crash to Perry police. His apprehension by Perry police does not absolve appellant of his duty to 1) stop, or 2) report the crash. His statements to the police in response to their questions, subsequent to the traffic stop, does not equate to appellant "reporting" the crash. "[Subsection (A)(2)] is not an affirmative defense, but an alternative method of compliance with the statute and the failure to comply is an element of the offense." *Hoy*, supra, 2003-Ohio-2482 at ¶ 18, citing

*State v. Ginn*, 2nd Dist. Montgomery No. 7879, 1982 WL 3873, *3 (December 1, 1982).

In *Hoy*, the appellate court reversed the defendant's conviction because the defendant

stopped after the crash and provided his name, place of employment, and registration

number. Id. at ¶ 17. The court cited section B of R.C. 4549.021, stating there was no

evidence the defendant did *not* make a police report within 24 hours. Id. at ¶ 18. In the

instant case, the police report relied upon by appellant was made not at his instigation but

because he was apprehended shortly after leaving the scene.

{¶22} In another leaving-the-scene case, a defendant made a similar argument:

his only duty was to report the crash to police within twenty-four hours, and because

twenty-four hours had not passed between the time of the crash and his arrest, he could

not be guilty of leaving the scene. The Third District Court of Appeals noted:

> Here, it is beyond doubt that a reasonable person in
> appellant's position would have interpreted Ms. Hantrwsky's
> suggestion that the two drivers go the hotel lobby and call the police
> as the "request to furnish * * * information" described in the first
> paragraph of the ordinance. Appellant's refusal to comply with Ms.
> Hantrwsky's suggestion then placed a duty upon him to notify the
> police within twenty-four hours. However, the evidence as viewed in
> a light most favorable to the State establishes that the defendant had
> no intention of reporting the accident at all. When questioned by the
> police shortly after the accident, appellant took the position that he
> knew nothing about it.

*City of Bellefontaine v. Pierce*, 3rd Dist. Logan Nos. 8-2000-

10, 8-2000-11, 2000-Ohio-1836, 2000 WL 1273608, *2 (Sept. 1,

2000).

{¶23} In the instant case, at trial appellant rested without presenting any evidence

on his own behalf. Appellee's witnesses testified at least two people ran outside when

appellant struck the fence and attempted to get his information; Roma testified a threat

was made to deter his efforts. Upon being traffic-stopped a short distance away, Locy

asked appellant if he hit anything and appellant admitted hitting the fence, although he

the completed a written statement in which he claimed he was unaware he struck the

fence. Sitting as the proverbial "thirteenth juror," we do not find that the quick

apprehension of appellant by the Perry police absolves him of his duty to provide his

identifying information after the crash.

{¶24} Compare the instant case with that of *State v. Kirchner*, 15 Ohio Misc. 154,

160–61, 236 N.E.2d 236, 240 (C.P.1968):

> * * * [I]t affirmatively appears that the conduct and actions of
>
> the accused in following through as he did brought the matter to the
>
> attention of the police. It should have been obvious that the accused
>
> did not hit and skip. He was taking care of the damages while being
>
> investigated. He did not skip to avoid criminal prosecution for any
>
> crime that may have been alleged to have been committed in the
>
> operation of his vehicle. He was always available to have been so
>
> charged.

{¶25} In the instant case, appellant's conviction upon one count of leaving the scene is supported by sufficient evidence and is not against the manifest weight of the evidence because appellant's conduct established he did not bring the crash to the attention of police. He fled the parking lot after hitting the fence, threatening a witness as he did so, made no effort to take care of the damage he caused, and was "available" to police only because the apprehended him a short distance away based upon witnesses' descriptions of the truck.

{¶26} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶27} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed.


By: Delaney, P.J.

And Wise, John, J., concur

Hoffman, J., concurs separately

*Hoffman, J., concurring*

{¶28} I concur in the majority's disposition of Appellant's sole assignment of error.

{¶29} I write separately because I disagree with the majority's conclusion Appellant failed to comply with the second "alternative" of R.C. 4549.021, i.e., failing to report the accident within 24 hours. I find no violation of that alternative can occur prior to passage of 24 hours after the accident.

_____
HON. WILLIAM B. HOFFMAN